### W. E. TABB & Co. *v.* LEWIS H. LONG.

**Vendor and Purchaser—Improvements by Vendee—Vendor's Lien.**

 Where a vendor of land reserves a lien on an undivided one-third thereof to secure unpaid purchase money, and after that the vendee made improvements on the land and changed the character of the buildings thereon, it. does not enlarge or diminish the rights of the vendor.

**Appeal—Record—Facts in Issue.**

 Where a question, if before the court at all, must have been submitted by agreement of the parties, the record should exhibit the state of facts authorizing the court to try and determine the issue.

APPEAL FROM MASON CIRCUIT COURT.

January 29, 1874.

OPINION BY JUDGE LINDSAY:

The judgment rendered in this cause is not authorized by the facts disclosed by the pleadings, nor by the prayer for relief. The Dover Mill property is spoken of in the deed from Long to Dobgood as "real estate," "land," etc., and is described by metes and bounds, and a lien retained on one undivided third part of the land or realty thus described.

This interest and no more Long can subject to the payment of the unpaid purchase money. The fact that additional improvements have been erected on the realty described in the conveyance, and that changes have been made in the character of the buildings thereon, neither enlarges nor diminishes Long's rights. He still holds his lien upon one-third of the realty conveyed, and

under a sale made in satisfaction of his debts; the same interests in the building and fixtures on the land, will pass, as will pass in and to the land itself. If it was made to appear that the changes made in the buildings, and the erection of connected and indivisible structures on the original mill lot, and on realty subsequently acquired by appellants, had rendered it impossible for the purchaser at a sale made to enforce appellee's lien, to ascertain what interest he would acquire, and that by reason of this fact the value of Long's security was destroyed, he might ask and have a sale of the entire property, upon the ground that he could secure his debts in no other way, and that the changes were made by appellants with notice of his claim; but no such fact is averred or proved. From anything that appears in this record, the lien retained in the deed is as valuable as it was the day the sale was made to Dobgood. The recital in the face of the judgment is not sufficient evidence of an agreement on the part of appellants, to allow the court to determine a question not raised by the pleadings.

If the question as to whether or not the entire property should be sold was before the court at all, it must have been by agreement, and the record should exhibit a state of facts authorizing a court to try and determine a real issue submitted by the parties, upon agreement, as provided in Secs. 705-707, Civil Code.

We have here a judgment settling a question not raised by the pleadings, with no evidence that it was submitted to the court except the recital in the face of the judgment.

The judgment of April 26, 1873, directing a sale of the entire property, is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Phister, H. Taylor, for appellants.*

*J. K. Sumrall, for appellee.*